CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 17 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY L. STACEY, | ) |
| | ) Civil Action No. 5:05CV00038 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Mary L. Stacey, was born on December 16, 1954 and eventually completed her college education. Mrs. Stacey has worked as a registered nurse. She last worked on a regular basis in 1996. On September 6, 2002, plaintiff filed an application for a period of disability and disability insurance benefits. Mrs. Stacey alleged that she became disabled for all forms of substantial gainful employment on July 1, 1997 due to a herniated back disk and fibromyalgia. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Stacey met the insured

status requirements of the Act through the fourth quarter of 2002, but not thereafter. See, gen., 42 U.S.C. §§ 414 and 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2002. See, gen., 42 U.S.C. § 423.

Mrs. Stacey's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 19, 2004, the Law Judge also determined that plaintiff was not disabled at any time prior to the termination of insured status. The Law Judge found that Mrs. Stacey suffered from disorders of the back and fibromyalgia. Because of these problems, the Law Judge held that plaintiff was disabled for her past relevant work as a nurse. However, the Law Judge found that Mrs. Stacey retained sufficient functional capacity for sedentary levels of exertion. Given a residual functional capacity for sedentary exertion, and after considering plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mrs. Stacey possessed sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. See C.F.R. § 404.1569 and Rules 201.29 and 201.22 of Appendix II to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mrs. Stacey was not disabled and that she is not entitled to a period of disability or disability insurance benefits. See C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Stacey has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Stacey has a history of disk disorder in her lower back, as well as fibromyalgia, carpel tunnel syndrome, degenerative disk disease, and symptoms of mitral valve prolapse. Reports from plaintiff's treating rheumatologist strongly suggest that Mrs. Stacey is now disabled for all forms of work due to fibromyalgia and general musculoskeletal discomfort. However, the court is constrained to conclude that the record supports the Law Judge's finding that Mrs. Stacey did not become disabled for all forms of work activity prior to the termination of her insured status on December 31, 2002. Accordingly, the court concludes that the Commissioner's final decision denying entitlement to disability insurance benefits must be affirmed.

It seems that during the 1990s, Mrs. Stacey developed a large herniated disk in her lower back. However, later studies revealed that the herniation had resolved. While plaintiff suffers from degenerative disease process in her lower back, the medical record simply does not document continuing problems associated with disk herniation. Furthermore, while Mrs. Stacey has been treated for carpel tunnel syndrome and heart palpitations deemed to be symptomatic of mitral valve prolapse,

3

there is no indication that these conditions have affected plaintiff's capacity for work on any sustained basis. Thus, in terms of her application for disability insurance benefits, Mrs. Stacey's most significant impairment consists of generalized musculoskeletal discomfort, based on what has been diagnosed as fibromyalgia.

Plaintiff's history of musculoskeletal discomfort is documented in reports from her family physician, Dr. Maria Bella Natividad. While Dr. Natividad has prescribed medication for pain control, she has observed on several occasions that plaintiff appeared to be "in no acute distress." Moreover, Dr. Natividad's reports include no remarkable clinical findings.

In December 2002, Dr. Natividad referred Mrs. Stacey to Dr. Kathleen N. Price, a board certified rheumatologist. In a report dated December 3, 2002, Dr. Price observed that, in general, Mrs. Stacey was a "healthy woman in no acute distress." (TR 131). Clinical examination revealed some tenderness in the lower back, as well as a photosensitive rash. Dr. Price concluded as follows:

> Impression: (1) Widespread pain, most pronounced in her neck and back, and also with severe pain in her legs, especially the thighs she now tells me. She has more weakness on the right side than the left side of the leg, and with her history of lumbar radiculopathy, I think she may still have some of this and possibly a spinal stenosis. (2) There are some suggestions that she may have an inflammatory component, namely her morning stiffness, which can last one to two hours, her photosensitive rash, and the relief she had with prednisone. (3) She does have a history of loud snoring and with her fatigue during the day, I am concerned that she may have obstructive sleep apnea as part of her problem. The alcohol probably worsens this. (4) Her life is becoming more and more limited as she decreases her activity to avoid pain. She tells me she is not having any fun. She's emphatic about the idea of no surgery, and is not interested really in an MRI or any evaluation in terms of that. (TR 131-132).

In short, while Dr. Price's later reports indicate more significant physical problems associated with fibromyalgia, the medical record developed shortly before termination of insured status is not overly remarkable. On December 3, 2002, Dr. Price observed that plaintiff was not in any acute distress. The rheumatologist suggested that Mrs. Stacey engage in physical therapy in an attempt to

4

improve her physical function. Clearly, the reports compiled during the crucial period support the Law Judge's finding of residual functional capacity for at least sedentary levels of exertion. Given the application of the medical vocational guidelines, which the Law Judge properly accessed, the court concludes that the Law Judge correctly determined that plaintiff retained sufficient functional capacity for specific sedentary work roles at all relevant times prior to the termination of insured status. It follows that the Commissioner's final decision must be affirmed.

Subsequent to the final decision of the Commissioner, plaintiff submitted new medical evidence directly to this court. However, the new evidence relates to treatment of plaintiff's physical complaints at points in time well after termination of insured status. Finding no basis upon which to determine that the new evidence "relates back" to the earlier time frame, this court concludes that the new evidence does not present "good cause" under 42 U.S.C. § 405(g) for remand of plaintiff's case for further consideration. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Stacey is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record indicates that plaintiff's fibromyalgia is much more severe at the present time. However, it must again be noted that the same medical specialist who has produced reports indicating more severe fibromyalgia also indicated shortly prior to termination of insured status that plaintiff's condition was not overly significant. While there can be no doubt that Mrs. Stacey suffered from some physical difficulties during the earlier period, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). The court believes that the Administrative Law Judge properly evaluated the subjective factors in determining that Mrs. Stacey was not disabled during the period in which she still enjoyed

5

insured status. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day. In passing, and given the more recent medical reports, the court notes that, if she meets the financial eligibility requirements, Mrs. Stacey may wish to consider filing an application for supplemental security income benefits.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of March, 2006.

_____
United States District Judge